Good morning, Your Honor. If it pleases the Court, Frank Sproles, appearing for petitioner. This case is related to the prior case, but there are significant differences. In fact, all my appellate eggs are in the Ferreira basket. The Ferreira case specifically looked at our exact situation, imposition of sentence suspended, probation, and said that it was converted to a misdemeanor when the sentencing court did not impose state prison. Clearly, you have to presume that Ferreira knows the legal landscape at the time. It rejected Rogers, Garcia, Perez, that said imposition of sentence is not a judgment. Clearly, they looked at it under 17b.1 of the California Penal Code. It's a curious concept that a plea of guilt, a restraint on liberty, is not a judgment. It's certainly a judgment for immigration. In criminal law, it's a judgment for a prior. It's simply, in those cases, said it's not a judgment for 17b.1. Ferreira rejected that. Now, there has been no overruling of Ferreira. Indeed, pursuant to Federal Appellate Rule 32.1, I cite an unpublished case of Hernandez-Ruiz, 2007, U.S. App Lexis 30072, that explicitly relied on Ferreira and said, Imposition of sentence suspended. You were not sentenced to state prison under 17b.1. The crime, by operation of law, is a misdemeanor. I submit to you Ferreira controls this case. And again, all the cases cited by the people and the VA are antecedent cases. They're all before Ferreira. So there's no subsequent Ferreira law that is contrary to our position. And I'd be interested to hear the government's argument. But I believe we have standing, unambiguous, and un-overturned Ninth Circuit case law. And I'll reserve additional time. Unless you have any questions. No questions? No. I don't appear to be in. Thank you. Your Honors, Ferreira does not govern these proceedings for several reasons. First of all, Ferreira's discussion of the Wobbler statute issue is purely dictum. In that case, it was not necessary for it to even reach that issue. It already determined under an entirely different analysis that the offense was not an aggravated felony. So it truly was just sort of unnecessary discussion. But more importantly, that decision is in direct conflict with this Court's previous long-standing, well-established cases in Robinson and Gonzalez-Lopez. And those cases have been relied upon by other circuits, the Sixth Circuit and the Eighth Circuit. And Ferreira simply did not have the analysis in there that was required as under Robinson and Gonzalez-Lopez. And therefore, it's Robinson and Gonzalez-Lopez that govern these proceedings. And under those cases, we have a very classic Robinson set of facts here. We have an order granting probation, which is not a judgment, and we have an explicit no imposition of a sentence here, and it was suspended. We have a suspension of a sentence. Therefore, under Robinson and Gonzalez-Lopez, we do not have a judgment. Additionally, Ms. Aguirre had filed a motion to convert this to a misdemeanor, and the Court denied that motion. So we have the Court's statement that it would not convert this to a misdemeanor. I mean, the record could not be clearer that her offense is a felony conviction, and therefore, the petty offense exception cannot apply in this case under the 1182 provision. Counsel, if we disagree with you regarding your characterization of the language in Ferreira being dicta, do you lose? Absolutely not, because this Court's established case law holds that the earlier decisions addressing an issue control until overruled by an en banc court. Suppose we disagree with you, and we suppose we say, well, we're bound by Ferreira. But you're bound by Robinson and Gonzalez-Lopez as well. We're bound by all of it. Yes, and those were the earlier decisions, and we have a classic set of facts under those two cases here. Well, some judges think the more recent decisions control. So if we think the more recent decisions express the current thinking of the Court, how do you deal with that? Well, that would be in violation of this Court's precedent to apply more recent if it's, again, addressing the exact same issue which we have here. But we do have some unpublished decisions by this Court. One of them is called Salazar, in which this Court did apply Robinson and Gonzalez-Lopez without mention of Ferreira. Well, what if we don't want to apply unpublished decisions? I'm just giving you an example of the Court more recently applying Robinson and Gonzalez-Lopez. That's not precedent. That's not precedent. We're bound by our precedent. Yes. So our precedent includes Ferreira. We can't ignore it. So if we give credence to Ferreira, where does that leave you in terms of your argument? Well, our argument remains the same, that the Court got it right in its two decisions, and that perhaps if this Court really does find the tension between Ferreira and Robinson and Gonzalez-Lopez, that perhaps this is an issue that's worthy of further review by the Court. But distinguish? So if we adopt the reason of Ferreira, you don't see any way to distinguish that and you lose? Well, in here we have an explicit, we have explicit terms saying that probation is granted and sentence is suspended. That was not in Ferreira. So I could distinguish it on that ground, where you have Gonzalez-Lopez and Robinson, where it says if sentencing has been suspended and probation is granted, that absolutely is not a judgment. We don't have a judgment here. Right. We absolutely don't have a judgment here. Well, in Ferreira you said you did, but that was a sketchy analysis right there, but I'll go with that here because absolutely, there's no questioning that there is no judgment in this case. So that is an absolute distinguishing criteria here if that's what's necessary. But if the Court doesn't have any further questions for me, then I will sit down and not waste any more time. Thank you. Extraordinarily brief. Number one, in terms of the Ferreira case, it was absolutely essential to the judgment. The Ferreira Court did not have the benefit of the Lopez case, which dealt with controlled substance, and there's that language in the federal statute that says an aggravated felony is any felony punishable under state laws. So clearly, the Ferreira Court made their finding as a misdemeanor was essential to their judgment. So it's not dicta. A lot of judges on this Court take umbrage with people calling their hard work dicta. I'll speak for that panel. I'm sure they were not so happy about it. I'm sure they felt. Now, the other thing, there's nothing fuzzy about Ferreira. Imposition of sentences was suspended, county jail was imposed, and probation was termed. Again, it's a curious thing to say there's no judgment. So according to that reasoning, I should have made a motion to terminate. She doesn't have a conviction. Here's a criminal judgment. Right? It's just not a judgment in terms of this arcane recondite penal code 17b1 versus 17b3. It feels like a judgment to me. But we're stuck with the state law in terms of when a judgment is entered. So that's what we're dealing with. Right. And, again, I think Ferreira said this is a judgment. You know, I mean, you could have no, you know, no probation or probation without a sentence. Right? I mean, clearly Ferreira said, you know, the California scheme wherein there's a plea of guilt, a restraint on liberty, and probation. That's a criminal judgment. But in this case, the record is pretty clear that there is no judgment. Well, Ferreira says that is a judgment. Well, Ferreira said there was a judgment in Ferreira. It doesn't say there was a judgment in this case. Ferreira and this case are exactly the same. There's a California statute, ISS, imposition of sentence suspended, county jail imposed. There's no difference. The record was a little fuzzy in Ferreira regarding what happened. It was a little more pellicid than that. But, okay, you can call it fuzzy. But they reference – I mean, first of all, California criminal judgments when a probation is granted are roughly the same. I mean, there's nothing really complicated about it. If you get probation, you get imposition of sentence suspended. That's what happens in California. So Ferreira is the same. So I would just repeat, I stand on Ferreira. It predates the other cases. You don't want to deal with the other cases that the government cited, Robinson. Well, sure. I believe, you know, it could have been somewhat more clear, but Ferreira, by definition, overturned them. They looked at the exact same – No, no. Implicit overruling, no. Is disfavored. But, clearly, they defined – the Ferreira case defined California sentence. Again, the sentence was suspended. There is a sentence. But we have to look at all of our cases. I understand. So you have the same conundrum that the government had in terms of reconciling the cases or distinguishing them. I would be disingenuous if I didn't say there's tension here. I mean, I'll give you the irony of this. I lost the 17B motion last week in Alameda, and here I'm arguing I didn't need to do it. So the law is unclear. And I think, as this is a case, to resolve that. So I would submit to that. Resolve it how? In my favor. Thank you. At least we have learned an honest answer. Thank you, counsel. The case disargued is submitted for decision.
judges: Schroeder, Rawlinson, Collins